IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RED ROCK ANALYTICS, LLC, § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., SAMSUNG SEMICONDUCTOR, § INC., and SAMSUNG AUSTIN § SEMICONDUCTOR, LLC, § § *Defendants*. § | Case No. 2:17-CV-00101-RWS-RSP |

## ORDER

At the Pretrial Conference in this matter on March 11, 2019, Plaintiff objected to certain exhibits listed by Defendants. The Court carried the objections to DTX-0170 and DTX-0173, which are the Navid and Whitmarsh patents, respectively. Plaintiff objects that they are unelected prior art and therefore should not be shown to the jury. Defendant responds that they are relevant as background prior art, even though they are not argued to be invalidating, and cites the Federal Circuit's decision in *Exmark Mfg. Co. v. Briggs & Stratton Power Products Group, LLC,* 879 F.3d 1332 (Fed. Cir. 2018). In *Exmark,* the district court had excluded any evidence about prior art patents that had not been used in a product, because the court understood that *Georgia-Pacific* factor nine required that relevant "old modes" must "have been used for working out similar results." The Circuit Court held that prior art was relevant, whether or not it had ever been used in a product, to show the extent to which the claimed invention was an advancement over the prior art. *Id*. at 1351-52.

1

This Court accepts, without deciding, the relevance of the Navid and Whitmarsh patents. The Defendants' expert is free to testify about what they represent in the state of the prior art. The objection is that introducing these patents as exhibits (or displaying them as demonstrative exhibits) would likely cause confusion for the jury about whether they were to be considered invalidating prior art. These exhibits look just like the elected prior art and whether or not defense counsel argues that they invalidate Plaintiff's patent, the jury may likely look back at these patents and think they do invalidate. This risk then would require that Plaintiff spend the time to put on evidence for the jury showing why these unelected prior art patents do not meet all of the limitations of the asserted claims. This defeats the purpose of requiring election of prior art and it is exactly the risk that Rule 403 was intended to address. The relatively slight probative value that the exhibits add to the testimony of Defendants' expert about the prior art they represent is outweighed by the substantial risk of unfair prejudice.

Accordingly, the Plaintiff's objections to DTX-0170 and DTX-0173 are sustained.

**SIGNED this 14th day of March, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE